CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 20, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **MALIK al-SHABAZZ,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:24CV00114 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **J. C. STREEVAL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Malik al-Shabazz, Pro Se Petitioner; G. Riley Worrell, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Respondent.*

Petitioner Malik al-Shabazz, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Al-Shabazz challenges disciplinary proceedings conducted against him in relation to Incident Report (IR) 3566797. The respondent has filed a Motion to Dismiss or Transfer, citing lack of jurisdiction by this court. After review of the information provided, I conclude that I lack jurisdiction over the merits of the habeas claims, and transfer is appropriate.

Al-Shabazz was formerly designated by the Bureau of Prisons (BOP) to the United States Penitentiary (USP) Lee County, Virginia. Mem. Supp. Mot. Dismiss Ex. 1, Shaw Decl. and Attach. A, ECF No. 7. On August 8, 2023, the BOP transferred al-Shabazz from USP Lee to the Federal Medical Center (FMC) Butner,

in North Carolina. At present, the BOP website indicates that al-Shabazz is confined at Federal Correctional Institution (FCI) Edgefield. That facility is located within the judicial district of the United States District Court for the District of South Carolina.

On January 16, 2024, more than four months after al-Shabazz was transferred from USP Lee, he signed and submitted this § 2241 petition in the Western District of Virginia.[1] His petition, now designated as No. 7:24CV00114, concerns a charge based on his use of a text-forwarding service on November 12, 2021. Pet. Attach. 1–2, ECF No. 1. Specifically, he claims that he suffered due process violations related to a disciplinary hearing on IR 3566797. *Id.*

The respondent's motion asserts that because al-Shabazz was not confined in the Western District of Virginia when he filed his § 2241 petition, this court lacks jurisdiction to address his claims. I must agree.

The Supreme Court has established that jurisdiction over a § 2241 habeas petitions lies in the district of confinement, not where the alleged wrongful acts

---

[1] Specifically, al-Shabazz submitted this § 2241 petition, along with a second, separate § 2241 petition about a different disciplinary charge, and sought to consolidate these two submissions with the petition then pending in *al-Shabazz v. Streeval*, No. 7:22CV00713. By Order entered February 13, 2024, in that case, ECF No. 18, the court denied the Motion to Consolidate and directed the Clerk to docket the two separate § 2241 petitions submitted with that motion as two separate civil actions. Since then, the court has processed the two petitions as separate cases: No. 7:24CV00114 and No. 7:24CV00115. Al-Shabazz has consented to pay the $5.00 filing fee in each of the cases, and the respondent has filed a separate motion in each case.

occurred. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. A prisoner's "custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242). Furthermore, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* (quoting 28 U.S.C. § 2241(a)).

Given this court's lack of jurisdiction to address the merits of al-Shabazz's § 2241 petition, I must determine whether it is more appropriate to dismiss the case on that basis or to transfer this matter, pursuant to 28 U.S.C. § 1631, to the district in which al-Shabazz is confined — the United States District Court for the District of South Carolina. Factors I may consider are when the petition was filed, if the petitioner has paid the filing fee, whether a statute of limitations might bar the petitioner from refiling his claims, and whether the requested relief is available through a § 2241 petition. *Boughers v. Lovett*, No. 7:23CV00389, 2023 WL 4409112, at *1 (W.D. Va. July 7, 2023).

Al-Shabazz filed his petition in February 2024 while confined at FMC Butner, but since then, he has been transferred and is now confined at FCI Edgefield. As such, I conclude that the Warden at that facility is the proper custodian to receive

and address the § 2241 petition,[2] which has not been pending very long. I am not aware of any limitation statute applicable to the claims in the petition, and the inmate has consented to pay the filing fee. Finally, the relief al-Shabazz requests — expungement of a disciplinary finding that caused him to lose good conduct time — is potentially available through pursuit of this § 2241 action. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Weighing these factors, I find it appropriate to transfer this § 2241 petition.

For the stated reasons, it is **ORDERED** that the respondent's motion, ECF No. 6, is GRANTED, and this habeas corpus action is TRANSFERRED to the Columbia Division of the United States District Court for the District of South Carolina. The Clerk of this Court is directed to transfer all pleadings filed in this case and a copy of the docket sheet to the Clerk of the Columbia Division of the United States District Court for the District of South Carolina.

ENTER: June 20, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[2] I note that if al-Shabazz had filed his § 2241 petition in the appropriate North Carolina U.S. district court while he was confined at FMC Butner, that court would have retained jurisdiction to address his habeas claims even after he was transferred to FCI Edgefield in South Carolina. *Rumsfeld*, 542 U.S. at 441. Because al-Shabazz did not file his § 2241 petition in a court in North Carolina, however, I find it to be in the interests of justice to transfer his case to the judicial district within which he is now confined, in South Carolina.